IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NUMBER 6:15-CR-5-RC |
| | § | |
| JEFFREY LANGDON ARMSTRONG, | § | |
| a/k/a JEFFREY ARMSTRONG | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender under Supervision" entered on April 10, 2017, alleging that the Defendant, Jeffrey Langdon Armstrong, violated his conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Jeffrey Langdon Armstrong was sentenced on October 25, 2012, by United States District Judge Ronald A. White, Eastern District of Oklahoma, after pleading guilty to the offense of Felon in Possession of Ammunition (Count 1) and Possession of an Unregistered Firearm (Count 3), which are both Class C felonies. The offenses carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 71 months. Judge White sentenced Defendant to 57 months of imprisonment on each count to be served concurrently with one another, followed by a 3-year term of supervised release on each count also to be served concurrently, subject to the standard

1

conditions of release, plus special conditions to include drug testing and treatment and a $200 special assessment. Judge White reduced Defendant's term of imprisonment for changed circumstances on October 25, 2012, to 33 months on each count to run concurrently with one another.

## II. The Period of Supervision

On February 22, 2013, Defendant completed his period of imprisonment and began service of the term of supervised release. Jurisdiction in this case was transferred to Judge Michael H. Schneider in the Eastern District of Texas on February 23, 2015. The case was then reassigned to Chief Judge Ron Clark on March 27, 2017.

## III. The Petition

United States Probation Officer Ben Sanders filed the First Amended Petition for Warrant for Offender under Supervision raising six allegations. The petition alleges that Defendant violated the following conditions of release:

> Allegation 1. The defendant shall not commit another federal, state, or local crime. It is alleged that Defendant was arrested on December 22, 2014 by the Kaufman County Sheriff's Department for the offenses of Theft, a Third Degree Felony, Evading Arrest, a Third Degree Felony, and Possession of a Controlled Substance, a State Jail Felony.
>
> Allegation 2. The defendant shall not leave the judicial district without permission of the Court or probation officer. It is alleged that Defendant did not have permission to be out of the judicial district in Kaufman, Texas on December 22, 2014.
>
> Allegation 3. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. It is alleged that Defendant failed to notify the U.S. Probation Office within seventy-two hours of his arrest on December 22, 2014.
>
> Allegation 4. The defendant shall not commit another federal, state, or local crime. It is alleged that Defendant was arrested in Wise County, Texas, by the Department of Public Safety on January 25, 2015, for committing the offense of Unlawful Possession of a Firearm.

<u>Allegation 5</u>. The defendant shall not leave the judicial district without permission of the Court or probation officer. It is alleged that Defendant did not have permission to be out of the judicial district on January 25, 2015.

<u>Allegation 6</u>. The defendant shall not commit another federal, state, or local crime. It is alleged that Defendant pled guilty to the offense of Burglary in the Second Degree, a Felony, in the District Court of the Second Judicial District of the State of Oklahoma in Ellis County, Oklahoma, on May 26, 2016, after committing the above noted offense on January 21, 2015, in Ellis County, Oklahoma.

## IV. Proceedings

On April 12, 2017, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated his conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition. The Defendant agreed to plead "true" to the first allegation in the petition that alleges he committed another federal, state, or local crime. In addition, the parties agreed that the Defendant should be sentenced to a term of imprisonment of 18 months, with no supervised release to follow.

## V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years

3

if such offense is a Class C or D felony, or more than 1 year in any other case. The original offenses of conviction here were Class C felonies; therefore, the maximum sentence is 2 years of imprisonment.

Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992).

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervision by committing another federal, state or local crime as alleged in Allegation 1, Defendant will be guilty of committing a Grade B violation. Under the Sentencing Guidelines, which are non-binding, if the Court finds that Defendant is guilty of a Grade B violation with his original criminal history category of V, the applicable guideline range is 18 to 24 months of imprisonment.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b). Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the

original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). The authorized term of supervised release for the present offense is not more than 3 years.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

**VI. Analysis**

The Defendant pled "true" to the allegation in the petition that he violated a mandatory condition of release by committing another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation in the First Amended Petition for Warrant or Summons for Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of his supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and his criminal history category is V. The policy statement range in the Guidelines Manual is 18 to 24 months of imprisonment. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation, together with the aforementioned statutory sentencing factors, will be best served by a prison sentence of 18 months, with no term of supervised release to follow.

## VII. Recommendation

It is recommended that the Court find that Defendant violated the mandatory condition that he shall not commit another federal, state or local crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

The Defendant should be sentenced to a term of 18 months of imprisonment to run consecutive to any other term of imprisonment, with no term of supervised release to follow. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. The Defendant requested to serve his prison term at the Federal Correctional Institution in Ft. Worth or, alternatively, Texarkana to facilitate family visitation. The Defendant's request should be accommodated, if possible.

## VII. Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of April, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE